Filed 4/20/23  Cabandong v. Weber CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| FRANCISCA CABANDONG,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SHIRLEY WEBER, as Secretary of State, etc.,<br><br>    Defendant and Respondent. | D080352<br><br><br>(Super. Ct. No. 37-2020-00044818-CU-MC-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Carolyn M. Caietti, Judge.  Affirmed.

Anthony Law Office, Gregory J. Anthony; Law Offices of Daniel J. Winfree and Daniel J. Winfree for Plaintiff and Appellant.

Office of the California Secretary of State, Ryan Hall Gomez and Mary M. Mooney for Defendant and Respondent.

The Victims of Corporate Fraud Compensation Fund (Fund) (Corp. Code, § 2280 et seq.[1]) provides limited restitution to victims of corporate fraud who are unable to collect their judgment. To recover up to $50,000, an aggrieved claimant must, among other requirements, obtain a "final judgment" against a corporation based upon fraud or deceit. (§ 2282, subd. (a).) A judgment is not deemed "final" for these purposes if a court order bars its enforcement. (§ 2281, subd. (g).) The purpose of this rule is to protect the State's right as subrogee to recover amounts paid from the Fund. (See § 2292.) Thus, not only must a claimant be a victim of corporate fraud, but they must also have a potentially enforceable "final judgment" *as defined* in section 2281, subdivision (g).

Here, although Francisca Cabandong obtained an apparently uncollectible judgment for fraud against a corporation, an order issued by the bankruptcy court prohibits enforcing it against any source other than the Fund. As a result, the trial court correctly concluded it is not a "final judgment" within the meaning of section 2282, subdivision (a) and properly dismissed her petition to compel payment.

## LEGAL BACKGROUND

In 2012, the Legislature established the Fund "for the sole purpose of providing restitution to the victims of a corporate fraud." (§ 2280; Stats. 2012, ch. 564, § 4.) Generally, an "aggrieved person" who has obtained a "final judgment" against a corporation based upon fraud or deceit may apply to the Secretary of State for payment from the Fund for up to $50,000 of the amount unpaid on the judgment. (§§ 2282, subd. (a), 2289.) " 'Final judgment' " means "a judgment . . . for which appeals have been exhausted or

---

[1]     Undesignated statutory references are to the Corporations Code.

2

for which the period for appeal has expired, enforcement of which is not barred by the order of any court . . . and for which the claimant has not otherwise been fully reimbursed." (§ 2281, subd. (g).)

The application may be filed only after "diligent collection efforts are made" for the amount unpaid on the judgment that represents "the awarded actual and direct loss." (§ 2282, subd. (a).) The California Secretary of State (Secretary) is required to include a notice in the application informing the claimant "of his or her obligation to protect the underlying judgment from discharge in bankruptcy . . . ." (*Id.*, subd. (e).) And if a bankruptcy proceeding is pending when the application is filed, the claimant must truthfully represent that "the judgment and debt have been declared to be nondischargeable . . . and that the claimant has been granted permission by the bankruptcy court to proceed with collection . . . ." (*Id.*, subd. (c)(8)(C)(iii).)

The Secretary may deny or grant the application or may enter into a compromise with the claimant to pay less in settlement than the full amount of the claim. (§ 2284, subd. (b).) If denied, the claimant may file a verified petition in the superior court for an order directing payment from the Fund. (§ 2287, subd. (a).)

If a petition is filed, the superior court conducts a "de novo review of the merits of the application as contained in the administrative record." (§ 2287, subd. (d).) At "any time," however, the Secretary may move to dismiss the petition "when it appears there are no triable issues and the petition is without merit." (§ 2288, subd. (d).) The motion may be supported by "affidavit of any person or persons having knowledge of the facts" and may be made on grounds that "the petition, and the judgment referred to therein, does not form the basis for a meritorious recovery claim within the purview of Section 2282 . . . ." (§ 2288, subd. (d).)

## FACTUAL AND PROCEDURAL HISTORY

In 2008, Cabandong (then 51 years old) invested her life savings of $155,000 with Powel Financial Services, Inc. (Powell), who promised her 12 percent interest and repayment of principal within six months. Years later, Powell had still not repaid the principal ($155,000). In 2016, she sued for breach of contract, fraud, and related causes of action.[2]

About two years later, Powell filed a bankruptcy petition. In November 2018, ruling on Cabandong's motion for relief from the automatic stay of her state court lawsuit, the bankruptcy court lifted the stay, but "for the limited purpose of establishing liability for fraud . . . such that [Cabandong] may tender a claim to the [Fund] if successful on the merits." The order further provides that she "*shall not seek any other relief from the Debtor* [Powell] *in state court, or if successful on the merits, seek compensation from any source other than the Fraud Fund as alleged in her motion for relief from stay.*" (Italics added.)

In early 2020, Cabandong obtained a default judgment against Powell. The trial court found that the corporation (which had dissolved in 2012) "made material false misrepresentations" and failed to disclose material facts to Cabandong resulting in $212,800 damages. The court "expressly" acknowledged her intention to seek compensation from the Fund "in the amount of the maximum recovery of $50,000," and at Cabandong's request reduced the judgment to that amount.

---

[2] In 2012, Cabandong filed a separate superior court action against Ronald Powell, the corporation's sole shareholder. That case settled in 2018, with Cabandong reserving her rights against "all other persons or entities." Under the settlement, Cabandong received $25,000 and all of Ronald Powell's interest, right or title to approximately 40 acres of certain real property in Boulevard, California.

About two months later, Cabandong filed an application seeking $50,000 from the Fund. After she declined to accept a settlement offer, the application was deemed denied (§ 2284, subd. (c)) and she petitioned the superior court to compel payment.[3]

Following briefing and oral argument, the superior court granted the Secretary's motion to dismiss the petition. The court determined that as a matter of law, Cabandong "cannot prove compliance with the requirements of section 2282" because the bankruptcy court's order barring enforcement of the judgment means there is no "final judgment" and, additionally prevents her from making "diligent collection efforts" as required under section 2282, subdivision (a).

## DISCUSSION

A.    *The Standard of Review is De Novo*

The Secretary contends that "the proper standard of review is substantial evidence" because under section 2287, subdivision (d), in deciding whether to grant or deny the petition, the superior court is required to conduct a de novo review of the administrative record.[4] Analogizing the proceedings here to administrative mandamus, the Secretary maintains that

---

[3]    The petition also contained a second cause of action generally alleging that the defendants unlawfully transferred money from the Fund to the State's general fund. Before the court ruled on the motion to dismiss, Cabandong voluntarily dismissed this claim without prejudice.

[4]    Section 2287, subdivision (d) provides: "The claimant shall have the burden of proving compliance with the requirements of Section 2282 by competent evidence at an evidentiary hearing. The claimant shall be entitled to a de novo review of the merits of the application as contained in the administrative record."

5

the appellate court's task is to determine whether substantial evidence supports the trial court's decision.

The Secretary may be correct where a petition is decided after an evidentiary hearing under section 2287, subdivision (d). But this case never got to that point because it was decided on a motion to dismiss claiming "there are no triable issues and the petition is without merit." (§ 2288, subd. (d).)

The apt analogy, therefore, is not administrative mandamus but rather summary judgment. (See Civ. Code, § 437c, subd. (c) ["The motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."].) Accordingly, we independently review the judgment, as we would in any other summary judgment appeal. (See, e.g., *Gonzalez v. Mathis* (2021) 12 Cal.5th 29, 39.)

B.      *The Court Correctly Dismissed the Petition Because as a Matter of Law, Cabandong Did Not Obtain a "Final Judgment"*

The Fund's primary purpose is to provide a limited source of recovery, and only as a last resort, to victims of corporate fraud. But the statutes also reflect the Legislature's clear intent to preserve the State's interest as subrogee so that it may recoup payments made under the Fund. For example, the Secretary "shall be subrogated to all of the rights of the claimant" who must "assign all of his or her right, title, and interest in the judgment to the Secretary of State." (§ 2293.) Further, where, as here, bankruptcy proceedings are ongoing, the applicant must truthfully represent that "the judgment and debt have been declared to be nondischargeable by the [bankruptcy] judge . . . and that the claimant has been granted permission by the bankruptcy court to proceed with collection or otherwise

6

proceed with the claimant's claims against the judgment debtor or debtors." (§ 2282, subd. (c)(8)(C)(iii).)   Indeed, the Secretary is statutorily required to include in the application form a notice of the "obligation to protect the underlying judgment from discharge in bankruptcy."  (§ 2282, subd. (e).)  All of this culminates in sections 2281 and 2282, which require the claimant to have obtained a "final judgment,"—a term of art meaning—"a judgment . . . for which appeals have been exhausted or for which the period for appeal has expired, *enforcement of which is not barred by the order of any court or by any statutory provision* . . . ."  (§§ 2281, subd. (g), 2282, subd. (a).)

Here, Cabandong's judgment against Powell is not a final judgment under sections 2281 and 2282 because its enforcement against any entity other than the Fund is barred by the bankruptcy court's order granting relief from stay.  Accordingly, the trial court correctly determined that Cabandong is not entitled to payment under the Fund.

In urging a contrary result, Cabandong challenges this interpretation of the bankruptcy court's order.  She contends the order "did not in any way bar, i.e., *prospectively or otherwise*, [her] from enforcing a yet-to-be-obtained judgment against [Powell] but simply restricted collection efforts to those not protected under [the Bankruptcy Code]."  But this is not a reasonable interpretation.  The order prohibits Cabandong from seeking compensation "from any source other than the Fraud Fund" in the event she obtained a judgment in the state court action against Powell.  The necessary effect of that order is to bar enforcement of the state court judgment against Powell or any other person or entity (other than the Fund).  This reduces the State's interest as subrogee to zero.

Cabandong further contends this interpretation of the "final judgment" requirement in section 2282 "does violence to [the statute's]  main purpose—

7

helping victims of corporate fraud." (Italics omitted.) She maintains that the State's subrogation rights are not a condition for compensation. As we have explained, however, the legislative goals are more nuanced. The diligent collection requirement in the statute serves to conserve the Fund's resources by requiring victims to apply for restitution only as a last resort. The legislative directive to preserve the Fund's resources for future claimants is also refined and reflected in section 2293, which requires the claimant to assign their rights in the final judgment to the State. Those subrogation rights would be meaningless where the judgment is rendered unenforceable as a matter of law by court order.[5] It is true we are dealing with a remedial statute that, generally speaking, should be interpreted liberally. But that does not mean a court may read into the statute terms the Legislature has excluded or read-out what it has plainly included.

In a related argument, Cabandong asserts that as a "dissolved" corporation, Powell "had no undistributed assets and, on that basis, no further collection efforts could have been maintained . . . ." Thus, she concludes that as a practical matter, the Secretary's subrogation rights were valueless. Her argument assumes that a dissolved corporation has no value or assets. We are not so sure. A corporate dissolution is best understood not as a corporation's death, but merely as its retirement from active business. (*Penasquitos, Inc. v. Superior Court* (1991) 53 Cal.3d 1180, 1190.) Section 2010, subdivision (c) provides that a dissolved corporation has the authority

---

[5] We ignore the Secretary's improper citation to a nonpublished decision to support this conclusion. (Cal. Rules of Court, rule 8.1115(a)–(b).) The Secretary's assertion that it is "not being cited as authority" but merely to support the Secretary's "understanding that subrogation rights must be meaningful" is, putting it politely, too thin a slice.

to collect and distribute assets discovered after the date of dissolution so long as it is part of the winding up process.

In any event, the words in section 2282 are plain and unambiguous. A " '[f]inal judgment' " as defined in section 2281, subdivision (g) is required to make a claim on the Fund, and the bankruptcy court's order limiting enforcement means Cabandong does not have one as a matter of law.[6]

## DISPOSITION

The judgment is affirmed.  The Respondent is entitled to costs on appeal.

DATO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


O'ROURKE, J.

---

[6]    Because of this disposition, it is unnecessary to consider whether the trial court correctly dismissed the petition on the alternative ground that as a matter of law, Cabandong failed to make "diligent collection efforts" within the meaning of section 2282, subdivision (a).  Accordingly, we do not address her contention that the court misapplied California Code of Regulations, title 2, section 22502, subdivision (c) regarding " 'sufficient collection efforts.' "